IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00578-WYD-BNB

STACEY COHEN,

Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a/ XCEL ENERGY,

Defendant.
_____

# ORDER
_____

This matter arises on the following:

(1)   **Plaintiff's Motion for Sanctions** [Doc. # 128, filed 5/21/2014];

(2)   **Plaintiff's Unopposed Motion for Leave to File Reply** [Doc. # 139, filed 6/23/2014]; and

(2)   **Plaintiff's Unopposed Motion to Restrict Access** [Doc. # 142, filed 6/29/2014].

In addition, the case is now ready to be set for a final pretrial conference.

I held a hearing on the pending motions this afternoon and made rulings on the record concerning the Motion for Sanctions and the Motion for Leave to File Reply, which are incorporated here.

I did not address the Motion to Restrict Access at the hearing. Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part:

> **(a) Policy.** Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings.
>                           *    *    *

> **(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and must:
>
> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access **(stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access)**;
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restricted access is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

(Emphasis added.)

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however. To the contrary:

> All courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.

2

> \* \* \*
> [B]ecause the analysis of the question of limiting access is
> necessarily fact-bound, there can be no comprehensive formula for
> decisionmaking.  The decision as to access is one best left to the
> sound discretion of the trial court, a discretion to be exercised in
> light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  Huddleson, 270 F.R.D. at 637.

Here, the plaintiff seeks to restrict access to certain exhibits filed in support of her Motion for Sanctions, arguing:

> Public disclosure of [the] information could cause either or both of
> the parties, and/or other employees of Defendant, to suffer
> embarrassment, humiliation and other defined and significant
> injuries through the disclosure of this confidential information.
> \* \* \*
> The public has a limited interest in viewing any of the information
> in [the] Exhibits. . . .  Resolution of Plaintiff's Motion for
> Sanctions does not turn solely on any of the information contained
> in any of those documents.  Plaintiff made them exhibits to her
> proposed Reply In Support of Motion for Sanctions because they
> contain information that she believes to be relevant to that Motion.

Motion to Restrict Access [Doc. # 142] at ¶¶4-5.

This is an employment discrimination case.  The plaintiff has summarized her claims as follows:

> Plaintiff has been employed by Defendant since 1988. During that
> employment, Plaintiff has worked in jobs that traditionally have
> been performed by male employees.
>
> Plaintiff has filed six charges of employment discrimination with
> the EEOC. . . .  In those charges, Plaintiff has alleged that
> Defendant has discriminated against here because of her sex and/or
> because of her age, and that Defendant has retaliated against her,

3

> in violation of Title VII of the Civil Rights Act of 1964 and in violation of the Age Discrimination Act of 1967.
>
> In addition, Plaintiff has filed a number of internal complaints, to fellow employees and management employees at Defendant and to representatives of her labor union, in which she opposed what she believed in good faith to have been sex discrimination, age discrimination and/or unlawful retaliation by employees of Defendant.

Scheduling Order [Doc. # 18] at pp. 1-2. The exhibits at issue here and to which the plaintiff seeks to attach restricted access relate directly to her claims and may be evidence at the trial. The work of a district court ordinarily is open to the public. The exhibits at issue here are not private or confidential; to the contrary, they all relate to matters occurring in connection with the plaintiff's employment by the defendant and her charges of discrimination. Nor are any of the exhibits particularly embarrassing.

IT IS ORDERED:

(1) The Motion for Sanctions [Doc. # 128] is DENIED.

(2) The Motion to File Reply [Doc. # 139] is GRANTED, and the Clerk of the Court is directed to accept for filing Plaintiff's Reply [Doc. # 139-1].

(3) The Motion to Restrict Access [Doc. # 142] is DENIED.

(4) A final pretrial conference is set for August 21, 2014, at 9:00 a.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than August 14, 2014.

Dated July 9, 2014.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge