**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00578-WYD-NYW

STACEY COHEN,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

    Defendant.

## ORDER ON PENDING MOTIONS

Magistrate Judge Nina Y. Wang

This civil action comes before the court on three pretrial motions related to the evidence to be offered at trial:

(1) Defendant's Motion to Strike Twelve of Plaintiff's Trial Witnesses ("Defendant's Motion to Strike") [#209] filed on June 26, 2015;

(2) Plaintiff's Motion to Strike Witnesses Listed in Joint Pretrial Order ("Plaintiff's Motion to Strike") [#210] filed on June 26, 2015; and

(3) Defendant's Motion to Compel Supplementation of Plaintiff's Document Production in Response to Request for Production # 21 ("Defendant's Motion to Compel")[#212] filed on June 26, 2015.

Pursuant to the Order Referring Case dated March 11, 2013 [#7], the Order of Reassignment dated February 9, 2015 [#186], and the respective memoranda dated June 26 and 29, 2015 [#211, #214], these Motions were referred to this Magistrate Judge. The court has

carefully considered the Parties' briefing, the applicable case law, and the comments offered during oral argument on August 19, 2015. Having been fully apprised of the premises, the court hereby GRANTS Defendant's Motion to Strike [#209]; DENIES Plaintiff's Motion to Strike [#210]; and GRANTS Defendant's Motion to Compel for the reasons set forth herein.

## BACKGROUND

Plaintiff Stacey Cohen ("Plaintiff" or "Ms. Cohen") filed a Complaint in Denver County District Court alleging sex discrimination, age discrimination, hostile work environment, and retaliation against Defendant Public Service Company of Colorado d/b/a Xcel Energy ("Defendant" or "Xcel") on December 26, 2012. [#1-1, #3]. On February 14, 2013, Plaintiff filed an Amended Complaint in state court, asserting six claims for relief (1) sex discrimination; (2) age discrimination; (3) hostile work environment based on sex; (4) hostile work environment based on age; (5) retaliation based on the exercise of her rights to oppose sex discrimination; and (6) retaliation based on the exercise of her rights to oppose age discrimination. [#1-6, #5]. Defendant removed the action to this court on March 6, 2013 [#1]. The court subsequently permitted Ms. Cohen to file a Second Amended Complaint on June 4, 2013 [#30], and a Third Amended Complaint on October 20, 2014 [#179], which is the operative complaint in this matter.

The court entered a Scheduling Order in this case on May 20, 2013 [#18], which provided that a Final Pretrial Conference would be held on January 16, 2014 at 9:30 a.m. [*Id.* at 11]. The Scheduling Order contemplated that Initial Disclosures would be exchanged on April 26, 2013; but at the Scheduling Conference, the court ordered Plaintiff to provide a supplemental disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure and limited the number of

witness upon whom she would rely at trial to 50. [*Id.* at 6; #17 at 1]. Plaintiff served her Amended Rule 26(a)(1) Initial Disclosure Statement on June 14, 2013. [#209-2].

The case proceeded through discovery, and the Final Pretrial Conference was reset a number of times. [*See* #81, #95, #121, #130, #146, #148, #164, #177]. In anticipation of a Final Pretrial Conference to be held on April 1, 2014, the Parties submitted a Proposed Pretrial Order. [#116]. As part of the proposed Pretrial Order, Plaintiff identified only Ms. Cohen as a "will call witness," but included an exhaustive list of potential "may call" witnesses. [*Id.* at 7-19]. The court rejected the Proposed Final Pretrial Order and set a Supplemental Final Pretrial Conference. [#120]. Ms. Cohen submitted a Proposed "Amended Pretrial Order" on September 8, 2014. [#163]. Again, she identified an extensive list of potential witnesses. [*Id.* at 7-16]. Due to a pending Motion for Leave to Supplement Second Amended Complaint, the court vacated the Pretrial Conference set for September 15, 2014. [#164]. On May 21, 2015, the Parties submitted a Proposed "Second Amended Final Pretrial Order." [#202]. As potential witnesses, Plaintiff identified at least 38 "may call" fact witnesses, as well as "any witness identified or listed below by Defendant;" "any witness whose testimony may be presented for impeachment or rebuttal purposes"; and "any witness whose testimony may be necessary or desirable to lay a foundation for the admission of any proposed exhibit into evidence." [*Id.* at 9-21]. The Parties also specified in the section addressing "Special Issues," that Plaintiff objected to the testimony of Kelly Marinelli, Michelle Thomas, Debbie Robin, Jim Webster, Dan Trujillo, Vince Hernandez, Paul Sanchez, Wayne Romero, Marilee Boe and Nick Kaplan on the basis that Defendant had disclosed these individuals two days before the last discovery deadline. [*Id.* at 42]. Similarly, Defendant objected to any witnesses who were not previously disclosed by

Plaintiff, including Sandy Gann (aka Brown), Jeffrey Hanson, Brian Slevin, Phyllis Berti, Ann Block, Sue Chavez-Beasley, Vicki Hansel, and John Hoffman. [*Id.*] In addition, during the Final Pretrial Conference on May 28, 2015, Defendant indicated that there was an ongoing issue regarding the production of certain financial information. On June 1, 2015, the court issued a Minute Order directing the Parties to file any motion relating to trial witnesses and the production/redaction of certain financial documents no later than June 26, 2015, so that any such motions could be resolved prior to a Final Trial Preparation Conference held before the Honorable Wiley Y. Daniel. [#205].

These three instant motions were each filed on June 26, 2015. [#209, #210, #212]. The court held oral argument on August 19, 2015, and these motions are ripe for determination.

## ANALYSIS

I.   **Applicable Law**

   A.   **Disclosure of Witnesses and Admissibility of Testimony**

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to provide to the other party the name, and if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that a disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1). Such disclosures must be supplemented through discovery under Rule 26(e). Fed. R. Civ. P. 26(e). Pursuant to the plain language of the Rule, supplementation must occur in a timely manner. Fed. R. Civ. P. 26(e)(1). Mandatory disclosure serves several purposes, including giving the opposing party information about the identification and locations of knowledgeable individuals to determine whether an individual should be deposed during discovery. *See Jama v. City and County of*

4

*Denver*, 304 F.R.D. 289, 295 (D. Colo. 2014). A party violates Rule 26 by failing to disclose witnesses prior to the close of discovery. *See Four Corners Nephrology Assocs., P.C. v. Mercy Medical Ctr. Of Durango*, Civil Action No. 05-cv-02084-PSF-CBS, 2007 WL 1613352, at *1 (D. Colo. June 1, 2007).

The disclosure of potential witnesses is insufficient, however, to establish the admissibility of their testimony at trial. Rule 402 of the Federal Rules of Evidence provides that relevant evidence is generally admissible, and evidence is considered relevant if: (1) it has any tendency to make a fact more or less probable that it would be without the evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401, 402. A court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

### B.   Disclosure of Documents

Rule 34 of the Federal Rules of Civil Procedure governs the disclosure of documents. Fed. R. Civ. P. 34. In responding, a party may object to a request, but in doing so, must specify the part of the request to which it objects and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(C). Rule 26(e)'s supplementation requirements also apply to document requests. Fed. R. Civ. P. 26(e)(1). A court may limit discovery on motion or on its own if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the

needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

### C. Appropriate Sanction

To the extent the court finds a violation of discovery rules as set forth in the Federal Rules of Civil Procedure, it must then consider the appropriate sanction to be imposed. In doing so, the court must first determine whether the Rule 26 violation is justified or harmless. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Rule 37(c) provides that if a party fails to disclose information or identify witnesses as required by Rule 26(a), the party is precluded from using that witness to provide evidence at trial unless the failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Factors to be considered include (1) the prejudice and surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). If the court determines that the violation is neither justified nor harmless, the court must choose a sanction that is both just and related to the particular violation. *See Jama*, 304 F.R.D. at 300.

## II. Defendant's Motion to Strike

In Defendant's Motion to Strike, Defendant seeks to strike the following individuals designated as "may call" witnesses by Plaintiff: Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke, and Mary (Hanson) Regan, arguing that these individuals were not included in Plaintiff's witness disclosures. [#209 at 3]. Xcel also argues

6

that an additional six individuals (Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman, and Amy Perasso) should be precluded because while Plaintiff designated them, she did not provide any contact information for them until June 9, 2015—after the filing of the instant motion. [#209 at 3-4]. Defendant further argues that each of the twelve witnesses should be stricken because "the only testimony that they would be able to provide is irrelevant and prejudicial 'me too' testimony." [*Id.* at 5]. In particular, Xcel argues that Plaintiff has failed to identify a nexus between the testimony of the proffered witnesses and her particular claims, and asserts that "[n]ot one of the witnesses offered was similarly-situated to Plaintiff in time, location, or working groups, their testimony is far too temporally remote from Plaintiff's allegations, and there has been no showing that the same supervisors or decision makers were involved in the alleged prior (or subsequent) acts of discrimination." [*Id.* at 8-16].

In response, Ms. Cohen contends that while this is a single plaintiff and single defendant case, the allegations raised in the instant case are "unusually complex," because "Plaintiff's claims in this case cover a period of more than six years, between 2007 and April 4, 2013." [#222 at 1]. Plaintiff argues that she did identify some of the individuals at issue (Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke and Mary Hanson (Regan)) in her Initial Disclosures, before Magistrate Judge Boland ordered her to provide an amended disclosure statement that listed no more than fifty potential witnesses. [*Id.* at 2]. Ms. Cohen further contends that all six of those individuals were also identified in the Parties' Final Pretrial Order submitted on March 24, 2014 [#116], and were carried through to the other versions of the Final Pretrial Order, thereby giving Xcel notice of these individuals and an opportunity to depose them, if necessary, before the February 27, 2015 discovery deadline.

7

[#222 at 4, citing #178]. With respect to the other six witnesses that Defendant seeks to strike because of a failure to disclose contact information (Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman and Amy Perasso), Plaintiff contends that these individuals are former employees of Defendant, and therefore, Defendant would have had access to their contact information either through its own records or public information. [#222 at 4-5]. Finally, Plaintiff argues that the testimony to be provided by each of these twelve individuals is both relevant and admissible with respect to her claims of hostile work environment. [*Id.* at 5-6].

To analyze these arguments, this court begins by first noting that Plaintiff asserts, and Defendant agrees, that her claims in the instant case "cover a period of more than six years, between 2007 and April 4, 2013." [#222 at 2]. Accordingly, despite the fact that Ms. Cohen worked for Defendant for a substantially longer duration, evidence relevant to the inquiry of whether she was subjected to a hostile work environment based either on her gender or her age would be limited to that time period.

### A.     Failure to Identify Pursuant to Formal Rule 26 Disclosure

There can be no dispute that Ms. Cohen did not identify Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Rogoschke and Mary Hanson (Regan) through any formal Rule 26 disclosure during discovery. [#222 at 3; #209-2]. Ms. Cohen's suggestion that she properly disclosed these individuals by listing them as one of 156 witnesses in an Initial Disclosure that was rejected by Magistrate Judge Boland is unconvincing. Rule 26(a)(1) imposes an obligation for a party to make a reasonable inquiry into the facts of the case, and determine what individuals may have relevant information upon which a party will rely. *See Sender v. Mann*, 225 F.R.D. 645, 654-55 (D. Colo. 2004). It does not contemplate generic

disclosures, nor does it permit a party to provide an undifferentiated list of possible witnesses who may have information in support of that party's claim. *Id.* at 652; *Jama*, 304 F.R.D. at 299. Plaintiff cannot now circumvent Judge Boland's order as well as the purpose of Rule 26(a)(1) by relying upon her original Initial Disclosures to establish that she properly disclosed these individuals.

Judge Boland specifically permitted Plaintiff to supplement her Rule 26(a)(1) disclosures in good faith. [#209-1 at 8:2-23]. Having failed to formally do so, Plaintiff essentially argues that her disclosure in the Proposed Final Pretrial Order in March 2014 was the functional equivalent of a Rule 26 disclosure. [#222 at 3]. The "clear purpose of [a Rule 26] disclosure to permit the party receiving the disclosure to be able to understand what information a person has and to consider contacting the person in order to ascertain the significance of the individual's knowledge or to depose the individual." *See Jama*, 304 F.R.D. at 296. Xcel does not object to substantive sufficiency of the descriptions in the proposed Final Pretrial Orders, but only to the timing and form.

This court agrees that Plaintiff's first proposed Pretrial Order [#116], which disclosed more than twenty additional witnesses, was insufficient to give Xcel reasonable notice of the individuals herein at issue. However, by September 8, 2014, Ms. Cohen's proposed "Amended Pretrial Order"[1] [#163] included only twelve individuals who had not been included on the Amended Initial Disclosures, including Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke, and Mary (Hanson) Regan. Had Ms. Cohen simply placed the

---

[1] While the Parties referred to this document as an "Amended Pretrial Order," it is more accurately understood as an amended Proposed Pretrial Order, as the court had not yet entered a Final Pretrial Order.

names of those twelve individuals on a paper entitled "Supplemental Rule 26(e) Disclosures" as of September 8, 2014, the issue before me would likely have been avoided because Plaintiff would have made the necessary disclosure during the extended discovery period. In extending the discovery period until February 27, 2015, the court did not limit the Parties to witnesses that had already been disclosed. [#178]. Instead, the court permitted additional written discovery and depositions [*see* #178], allowing Xcel in excess of four more months to investigate the additional disclosures, as an alternative to Xcel simply objecting to them in the proposed Final Pretrial Orders. While the court would have preferred that Plaintiff adhere strictly to Rule 26, the court concludes that no later than September 8, 2014, Xcel possessed information through Plaintiff's proposed Final Pretrial Orders that amounted to the functional equivalent of a Rule 26 disclosure. Accordingly, the court declines to strike Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke and Mary Hanson (Regan) on the basis of failure to disclose.

## B. Failure to Disclose Contact Information

Rule 26(a)(1) provides that without a discovery request, a party will disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…" Fed. R. Civ. P. 26(a)(1). Defendant seeks to strike Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman, and Amy Perasso due to Plaintiff's failure to provide contact information. [#209 at 4]. Plaintiff contends that the contact information was available to Xcel

10

either through its own personnel records or through publicly available information, and therefore, any failure to provide the contact information was harmless. [#222 at 4-5].

Initial disclosures are intended to be complete and detailed to give the opposing party information as to the identification and location of individuals with knowledge so that they can be contacted for the purposes of discovery. *See Sender* 225 F.R.D. at 650. A party is not relieved of its obligations under Rule 26(a)(1) simply because the Defendant can obtain the information from another source. *See Spacecon Special Contractors, LLC v. Bensinger*, Civil Action No. 09–cv–02080–REB–KLM, 2011 WL 721263, at *3 (D. Colo. Feb. 23, 2011). There is no dispute that for Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman, and Amy Perasso, partial information was provided, at the earliest, in June 2015—well after the close of the extended discovery period. *Compare* [#209 at 4] *with* [#222 at 4-5]. Plaintiff has not provided any substantial justification for her failure to supply information that was either obtainable through her relationship with or knowledge of these individuals, or publicly available. Fed. R. Civ. P. 37(c). Indeed, to the extent that Ms. Cohen has disclosed these individuals as part of her Initial Disclosures, the court expects that she has engaged in a reasonable investigation as contemplated by Rule 26(a)(1), has (at a minimum) spoken with these individuals to determine the scope of their testimony, and could reasonably determine their contact information. *See Sender*, 225 F.R.D. at 654-55. Plaintiff does not cite any authority for the proposition that she may shift the burden of locating the witnesses on her Initial Disclosures to Xcel, simply because such witnesses may have been, at one time, employed by Defendant.

This court also does not find that the failure to disclose contact information is harmless. Discovery has closed, the Final Pretrial Order has been entered, and while the trial has not yet

11

been set, the case has been pending now for close to three years. Any re-opening of discovery—particularly third party discovery—necessarily introduces costs and, likely, time that prejudices Defendant, especially since these individuals do not appear to be under the control of Plaintiff. Indeed, Ms. Cohen herself concedes such a process would be prejudicial. [#210 at 4]. Accordingly, this court hereby STRIKES Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman and Amy Perasso from the Final Pretrial Order based on Plaintiff's failure to provide contact information as required by Rule 26(a)(1).

### C.  Relevance of Testimony to Claims of Harassment

Ms. Cohen offers the twelve individuals discussed above[2] as witnesses relevant to her claims for hostile work environment and other claims of discrimination. [#222 at 5-6]. Ms. Cohen contends that this court should decline to pass on determining the relevance of these witnesses in favor of a motion *in limine* to be filed in the future, once the Parties determine who they intend to call at trial. [*Id.* at 8]. Respectfully, the very purpose of the Final Pretrial Order is to set a "plan for trial, including a plan to facilitate the admission of evidence." Fed. R. Civ. P. 16(e). The Order is not intended to serve simply as a preliminary placeholder from which the Parties then devise a trial plan.

Moreover, Plaintiff fails to explain how a motion *in limine* would present the issue of relevance any differently than the instant one, other than Plaintiff might voluntarily drop one or more of the identified "may call" witnesses. At this juncture in the pending litigaiton, Ms. Cohen should know the scope of the testimony to be offered by each of the witnesses and be able

---

[2] Although I previously found that Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman and Amy Perasso should be stricken due to Plaintiff's failure to comply with Rule 26(a)(1) Disclosures, the court also considers relevancy as to all twelve witnesses.

12

to articulate specifically why such testimony is relevant under the applicable case law. Presiding Judge Daniel is better suited to pass on issues of admissibility under Rule 403 of the Federal Rules of Evidence that require weighing the evidence (*e.g.*, to determine prejudice or a cumulative nature) once such evidence is determined to be relevant. Nevertheless, this court is not persuaded that there exists a need to defer determining whether Plaintiff has established that evidence is relevant in the first instance under Rule 401 of the Federal Rules of Evidence.

As the party seeking to introduce the evidence, Plaintiff has the burden of establishing its relevance. *Dowling v. United States*, 493 U.S. 342, 360 n.3 (1990). The Parties agree that any "me too" evidence for disparate treatment claims requires Plaintiff to establish a logical and reasonable nexus between the events to which the third party witness will testify and the alleged adverse actions suffered by Plaintiff. [#222 at 5]. With respect to her hostile work environment claims, Ms. Cohen may rely only on evidence relating to harassment of which she was aware during the time that she was allegedly subjected to a hostile work environment. *See Hirase-Doi v. U.S. West Communications, Inc.*, 61 F.3d 777, 782 (10th Cir. 1995). At a minimum, to the extent that any of these individuals worked for Xcel prior to 2007 or after April 4, 2013, their testimony would be irrelevant to Plaintiff's claims of disparate treatment. Similarly, any argument that these individuals were nonetheless subjected to the same hostile work environment is unavailing. *See Creamer v. Laidlaw Transit, Inc.*, 86 F.3d 167, 171-72 (10th Cir. 1996).

The information disclosed in the submitted Final Pretrial Order lacks sufficient specificity to establish that these individuals have relevant information to be offered. For instance, Ms. Bell is identified to "testify concerning Plaintiff's, her own and other women's hostile work environments; discrimination and retaliation in one or more of Defendant's

13

apprenticeship and/or training for advancement programs; disparity towards Plaintiff in gas and electric distribution regarding overtime, discipline and safety; and all other related matters." [#116 at 7]. This description fails to provide any temporal information, fails to provide any details of the alleged incident(s) to which these witnesses are intending to testify and how they relate to the discrimination and retaliation alleged by Ms. Cohen, and fails to address whether Plaintiff knew of any of the alleged similar acts or treatment while she was subjected to the alleged hostile work environment. [*See id.* at 7-19]. Ms. Cohen's declaration also does not provide any of these details. [#209-3].

Based on the record before it, this court finds that Plaintiff has failed to carry her burden of establishing the relevance of the testimony of Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke, Mary (Hanson) Regan, Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman and Amy Perasso, and therefore STRIKES these twelve witnesses from the Final Pretrial Order.

### III.   Plaintiff's Motion to Strike

Ms. Cohen seeks to strike eight witnesses (Kelly Martinelli, Michelle Thomas, Debbie Robin, Jim Webster, Dan Trujillo, Vince Hernandez, Paul Sanchez, and Wayne Romero) disclosed by Defendant as part of its Eighth Supplemental Disclosures propounded on February 25, 2015, two days prior to the extended discovery deadline, arguing that such supplemental disclosures were not timely and did not give her an opportunity to seek discovery from those newly identified witnesses. [#210 at 2, 4]. Defendant contends that it appropriately disclosed these witnesses prior to the close of the discovery period in response to Plaintiff's claim of

constructive discharge added by her Third Amended Complaint, and that there is no violation of Rule 26 because the disclosure is not, in fact, late. [#220].

This court agrees that there has been no *per se* violation of Rule 26 because the disclosures were made prior to the discovery cut-off. *Ortega v. City and County of Denver*, Civil Action Nos. 11-cv-2934, 11-cv-2935, 11-cv-2396, and 11-cv-2397, 2013 WL 1751944, at *2 (D. Colo. April 23, 2013). However, the court still examines whether the disclosing party appeared to time its disclosure in a manner to hinder the discovery process. *See Chung v. El Paso School District*, Civil Action No. 14-cv-1520-KLM, 2015 WL 1882939, at *1 (D. Colo. April 22, 2015) (citations omitted). In doing so, this court concludes there is no factual basis that supports a finding that Defendant unduly delayed to disclose these eight witnesses in an attempt to sandbag Plaintiff. And despite Plaintiff's innuendos of wrongdoing, the record before the court simply does not support finding that Defendant engaged in such gamemanship. Indeed, Plaintiff entirely fails to address the timeline set out by Defendant [#220 at 3] in its Reply [#224]. Consistent with the court's ruling that Xcel could not strike Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke, and Mary (Hanson) Regan based on a failure to disclose, I also conclude that it is not appropriate to strike Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke, and Mary (Hanson) Regan, as Plaintiff has failed to establish a violation of Rule 26.

## IV.     Defendant's Motion to Compel

Xcel seeks to compel Ms. Cohen to produce additional information about credit card statements that it believes may shed light on Plaintiff's contention that she can no longer work and function, because the documents as produced were difficult to comprehend and not produced

in a manner that Defendant could ascertain whether redacted information was properly withheld. [#212]. Plaintiff argues that such further production is unwarranted because they are not relevant, and they contain highly personal financial information. [#223]. The Parties do not dispute that they previously agreed to a procedure by which Plaintiff would produce redacted credit card information for the period between November 1, 2013 and November 1, 2014.

A review of the sample pages from the production provided by Plaintiff confirms that it is difficult to ascertain what information Plaintiff has redacted and whether such redaction was proper. [#213-1]. Therefore, Plaintiff is hereby ORDERED to produce unredacted copies of the previously produced credit statements no later than **November 13, 2015**, to be disclosed under the Protective Order and limited to the following categories of individuals: (1) counsel and those working with counsel in preparation of this case [#22 at ¶ 4(a)-(b)]; and (2) expert witnesses or consultants retained in preparation of this proceeding [*id.* at ¶ 4(d)]. Should Defendant need to share the unredacted documents with any representative of Xcel, including those who are actively working on the case as identified in Paragraph 4(c) of the Protective Order, Defendant will meet and confer with Plaintiff regarding such disclosure, and seek leave from the court to do so prior to any disclosure.

## CONCLUSION

For the reasons set forth herein, IT IS ORDERED:

(1) Defendant's Motion to Strike Twelve of Plaintiff's Trial Witnesses [#209] is GRANTED;

(2) The following "may call" witnesses are STRICKEN from the Final Pretrial Order: Edna Bell, Sandra Gann (Brown), Jeffrey Hanson, Sandra Perez, Pamela Ragoschke, Mary

(Hanson) Regan, Phyllis Berti, Ann Block, Susan Chavez-Beasley, Victoria Hansel, John Hoffman and Amy Perasso;

(3)     Plaintiff's Motion to Strike Witnesses Listed in Joint Pretrial Order [#210] is DENIED; and

(3)     Defendant's Motion to Compel Supplementation of Plaintiff's Document Production in Response to Request for Production # 21 [#212] is GRANTED;

(4)     Plaintiff must produce unredacted copies of previously produced credit card statements from November 1, 2013 to November 1, 2014 designated "Confidential" under the Protective Order, with disclosure limited to counsel of record, their respective employees, and expert witnesses and/or consultants, no later than **November 13, 2015**; and

(5)     Each Party shall bear its and her own costs and fees as to each of these motions.

DATED: October 26, 2015                    BY THE COURT:

                                                      s/ Nina Y. Wang
                                                      Nina Y. Wang
                                                      United States Magistrate Judge